IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY HESS,

        Petitioner,

v.                                                    Civil Action No. 3:05cv136
                                                        (Judge Broadwater)

THOMAS McBRIDE, Warden

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On December 27, 2005, Jerry Hess [hereinafter referred to as "Hess"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. By order entered January 23, 2006, the undersigned ordered the respondent, Thomas McBride (hereinafter referred to as "McBride"] to answer the petition within thirty (30) days. On February 22, 2006, McBride requested that he have until March 8, 2006 to file his answer. Said Motion was granted, and McBride filed a Motion to Dismiss on March 1, 2006. On March 14, 2006, a Roseboro Notice was issued to Hess. On March 24, 2006, Hess filed a Reply to the Motion to Dismiss as well as a Motion to Appoint Counsel.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5) and LR PL P 83.13.

## II. FACTS

### A. Conviction

Following a jury trial conducted in Berkeley County, West Virginia, Hess was found guilty of murder in the first degree. By Corrected Order entered on March 19, 2001, Hess was sentenced to life imprisonment without the possibility of parole. (Doc. 9-2). On June 13, 2001, Hess, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals. By order dated April 2, 2002, his petition for appeal was refused. (Doc. 9-3).

### B. State Habeas Corpus

On April 23, 2003, Hess filed a *pro se* state habeas corpus petition in the Circuit Court of Berkeley County. (Doc. 9-4). On June 2, 2003, the circuit court dismissed the petition without prejudice upon a finding that "the pleading does not conform to the requirements of the West Virginia Rules governing post conviction habeas corpus and is not endorsed by counsel.(Doc. 9-5). On October 16, 2003, Hess, by counsel, filed another state habeas corpus petition. (Doc. 9-6). The circuit court issued an opinion on January 7, 2005, which addressed each ground raised by Hess and directed that his petition for writ of habeas corpus be denied. (Doc. 9-7). On May 12, 2005, Hess, by counsel, appealed the circuit court's denial of habeas relief to the West Virginia Supreme Court of Appeals. The Court refused the petition by order dated November 17, 2005. (Doc. 9-8).

### C. Federal Habeas Corpus

**Hess' Contentions**

    (1)    The trial judge should have recused himself;

    (2)    Two members of the jury should not have been impaneled;

    (3)    Certain psychological evidence should not have been suppressed;

(4) Prosecutorial misconduct;

(5) His confession should not have been admitted at trial;

(6) The indictment was flawed;

(7) Improper jury instructions were given;

(8) Crime scene photographs should not have been shown to the jury;

(9) His motion for change of venue should have been granted;

(10) The Cumulative error doctrine applies.

**McBride's Contentions**

(1) The petition is untimely because Hess failed to present his federal petition within the one year limitation period mandated by 28 U.S.C. § 2244(d).
.
**Hess' Reply**

(1) The 120 day grace period within which he had to appeal the dismissal of his pro se petition for writ of habeas corpus should be included in the tolling period, and therefore, his federal habeas corpus petition is timely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Hess does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Hess' judgment became final is relevant in determining the statute of limitations.

According to the Fourth Circuit Court of Appeals, the time for seeking direct review of a state court conviction concludes when either the period for filing of a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Harris, 209 F.3d at 328. Hess' direct appeal was refused on April 2, 2002, and he had 90 days to seek review of his conviction by the United States Supreme Court. See United States Supreme Court Rules 13.1; Harris, *supra* at 328. Because Hess did not file a petition for writ of certiorari, his conviction became final on July 1, 2002, the date the time expired for him to file a petition for writ of

certiorari. Accordingly, the one year limitation period began to run on July 2, 2002, and absent any tolling event, the last day on which Hess could timely file his §2254 petition was July 1, 2003.[1]

McBride argues that Hess's one year limitation period expired on July 1, 2003, because no intervening tolling period occurred within the one year statute of limitation. Therefore, McBride submits that the instant §2254 motion, which was not filed until December 23, 2005, is untimely and must be dismissed.

Hess argues that his federal petition is timely because he filed a pro se application for state post-conviction relief on April 23, 2003, which tolled the statute of limitation not only from that date through July 2, 2003 when the Circuit Court dismissed his petition, but also through November 2, 2003, the date by which he could appeal the circuit court's denial of his petition.[2] Because another state petition for habeas corpus relief was filed by his counsel on October 16, 2003, Hess argues that the one year limitation period was effectively tolled from April 23, 2003 through November 17, 2005, when the West Virginia Supreme Court denied his appeal of the Circuit's denial of his petition for writ of habeas corpus filed by counsel. He contends, therefore, that his §2254 petition is timely.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. Under Fourth Circuit law, "the entire period of state post conviction proceedings, from initial filing to final

---

[1] See Fed.R.Civ.P. 6(a) which provides that "[i]n computing any period of time prescribed or allowed by these rules...the day of the act, event, or default from which the designated period of time begins to run shall not be included."

[2] West Virginia Code, §53-4A-9, provides that a final judgment entered by a circuit court upon a writ of habeas corpus may be appealed to the West Virginia Supreme Court within the time provided by law for civil appeals generally.

5

disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners." Taylor v. Lee, 186, F.3d 557, 561 (4th Cir. 1999). Therefore, if Hess' *pro se* application was a properly filed application for collateral review, the limitation period would have been tolled from April 23, 2003, the date it was filed, through July 2, 2003, when it was denied, through approximately November 2, 2003, when the time for filing an appeal to the West Virginia Supreme Court expired. Because a second application for habeas corpus relief was filed on October 16, 2003, the limitations period would have been continuously tolled from July 2, 2003 through November 17, 2005, when the West Virginia Supreme Court refused the appeal of the denial of his second state application for habeas corpus relief. Consequently his pending §2254 petition would be timely.

[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Here, the order dismissing the petition noted that: "the pleading does not conform to the requirements of the West Virginia Rules governing post conviction habeas corpus and is not endorsed by counsel, the Court therefore will not consider the petition and dismisses this petition without prejudice." (Doc. 9-5)

West Virginia Code §53-4A-1, *et seq.*, sets forth the procedures for post-conviction habeas corpus review. Nothing in that statute requires the signature of counsel. Furthermore, the petition which was filed by counsel on behalf of Hess on October 16, 2003, is identical to the initial *pro se*

6

habeas corpus petition, but for the indication that it is filed by counsel and is signed by counsel.[3] Neither petition complies with the precise mandates of West Virginia Code, §53-4A-2. Therefore, it is clearly inconsistent that the second petition was ruled upon following an omnibus habeas evidentiary hearing.

Accordingly, the undersigned is of the opinion that the state *pro se* petition for habeas corpus relief filed by Hess on April 23, 2003, should be considered filed for the purposes of tolling the one year limitation period. Because the 120 days within which Hess had to appeal the circuit court's dismissal of the petition further tolls the limitation period, the second state habeas petition, filed by counsel on October 16, 2003, also tolled the limitation period until the West Virginia Supreme Court refused the habeas appeal on November 17, 2005. Accordingly, the instant §2254 is timely.

## IV. RECOMMENDATION

It is recommended that McBride's motion to dismiss be DENIED and that he be required to file an answer addressing the specific contentions raised by Hess in his §2254 petition.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. §

---

[3] In fact, the petition still contains the same verification page signed by the petitioner on April 22, 2003,

7

636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit copies of this Report and Recommendation to the *pro se* petitioner and to counsel of record herein.

Dated: August 22, 2006

                                    /s/ James E. Seibert
                                    **JAMES E. SEIBERT**
                                    **UNITED STATES MAGISTRATE JUDGE**